UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIYA FROMPOVICZ, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:24-2042 |
| v. | : | (JUDGE MANNION) |
| COUNTY OF SCHUYLKILL, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom addressing the plaintiff's motion for summary judgment (Doc. 3) and a motion to dismiss the plaintiff's complaint filed on behalf of four of the named defendants: Thomas Campion, Jr., Esq., the law firm of Marshall, Bohorad, Thornburg, Price & Campion P.C., James Conville, Esq., and the law firm of Zane, Rossi, Conville & Harley (referred to by Judge Bloom as the "GAL defendants") (Doc. 19). Judge Bloom recommends that the plaintiff's motion for summary judgment be denied and the GAL defendants' motion to dismiss be granted. (Doc. 52). The plaintiff has filed objections to Judge Bloom's reports. (Doc. 61). Upon review of all relevant documents, the report and recommendation of Judge Bloom will be

adopted in its entirety as the opinion of the court and the plaintiff's objections will be overruled.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The factual background of this matter has been provided by Judge Bloom in his report and recommendation, which the court incorporates in its entirety as if set forth herein. (Doc. 52, pp. 2-12).[1] At its core, the plaintiff has brought the instant action against numerous entities and individuals raising several claims related to state child custody proceedings in which she was involved in 2020. For purposes of this memorandum, defendants Campion, and later, defendant Conville served as guardians *ad litem* for the plaintiff's daughter. These defendants, according to the plaintiff, are sued for "conspiracy, fraud, perjury and defamation." (Doc. 1, ¶2, Doc. 61, p. 6).

As noted by Judge Bloom, the plaintiff filed a motion titled as one for summary judgment. (Doc. 3). However, the substance of the plaintiff's motion is simply that the defendants had not responded to her complaint. The plaintiff's complaint was marked filed on November 25, 2024, and her motion was filed less than one month later on December 20, 2024. As noted by Judge Bloom and reflected on the docket, those defendants who were served with the plaintiff's complaint filed timely motions to dismiss. (*See*

---

[1] The plaintiff takes no issue with the factual background set forth by Judge Bloom in her objections.

- 3 -

Docs. 1, 26, 30). Moreover, on March 18, 2024, for those defendants for which it appeared that the plaintiff had not properly served, a summons was reissued to the plaintiff for proper service. (Docs. 45, 46).[2] As a result, Judge Bloom recommends that the plaintiff's motion challenging the defendants' failure to respond to her complaint be denied. The plaintiff has not objected to this portion of Judge Bloom's report and recommendation. The court has reviewed the record and finds no clear error with respect to this recommendation and will adopt Judge Bloom's report in this regard.

With respect to the motion to dismiss filed on behalf of the GAL defendants, as to the law firm defendant Zane, Rossi, Conville & Harley, Judge Bloom observed that, while the plaintiff named this defendant in the caption of her complaint, under Fed.R.Civ.P. 8(a)(2), the plaintiff failed to set forth any statement of fact to address this party, or its actions or omissions. Because the plaintiff failed to set forth any factual allegations which would indicate that she was entitled to relief with respect to this defendant, Judge Bloom recommends that the plaintiff's complaint be dismiss as to this defendant. The plaintiff has not objected to Judge Bloom's recommendation

---

[2] Subsequently, those defendants who were properly served filed motions to dismiss. (Docs. 56, 72, 80, 81, 83).

on this basis. The court has reviewed the record in this regard and again finds that there is no clear error of record.

Moreover, as to any claims of conspiracy, fraud, perjury and defamation[3], Judge Bloom concluded that these claims do not state a claim under federal law. As to any claim of fraud, Judge Bloom finds the claim to be "fatally vague," as when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See Fed.R.Civ.P. 9(b). Judge Bloom finds that the plaintiff has not met certain key elements needed to establish a claim of fraud under Third Circuit law. See *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d Cir. 1983). (Doc. 52, pp. 17-18).

With respect to any conspiracy claim, Judge Bloom correctly notes that there is no federal cause of action for a generalized conspiracy. While there

---

[3] Judge Bloom interpreted the plaintiff's claim that defendants Campion and Conville "did not conduct an investigation, discover facts, interview witnesses, or in any way, prepare for the [custody] hearing [,]," and that their performance at the hearing amounted to a "failure to exercise the standard of care to which attorneys in Pennsylvania have a duty to provide (sic)" as one for ineffective assistance of counsel and malpractice. (Doc. 52, pp. 15-16). However, the plaintiff clearly states in her objections that she is not attempting to assert any claim for ineffective assistance of counsel or malpractice. (Doc. 61, p. 6).
Judge Bloom also determined that, to the extent that the plaintiff is attempting to assert claims on behalf of her minor daughter, the plaintiff, as a *pro se* non-attorney litigant, may not do so. The plaintiff does not challenge this determination which is, in fact, correct.

is a federal claim for conspiracy to interfere with civil rights under 42 U.S.C. §1985, Judge Bloom notes that any such claim must be pled with greater specificity than is generally required. Here, Judge Bloom finds that the plaintiff's complaint is devoid of any allegations that the GAL defendants acted together in agreement to deprive her of her rights.

Finally, as to any claims of perjury or defamation, Judge Bloom noted that these claims arise under state not federal law. However, because he finds that the plaintiff has failed to properly assert any federal claims against the GAL defendants, Judge Bloom recommends that the court decline to exercise supplemental jurisdiction over any state law claims for perjury and defamation.

The plaintiff does nothing to challenge the substantive findings in Judge Bloom's report. Instead, in her objections, the plaintiff simply states that her claim of fraud "is more than obvious" and that the GAL defendants "intentionally participate[d] in SCCYS employees' fraud of fabricating child abuse cases[.]" The court has reviewed Judge Bloom's report, finds the law is as he has stated, and agrees with the conclusions he presents. Nothing in the plaintiff's objections sways the court that Judge Bloom erred in any regard, or that the defendants' motion to dismiss should not be granted.

- 7 -

Based upon the foregoing, an appropriate order shall issue.

*/s/ Malachy E. Mannion*
_____
MALACHY E. MANNION
United States District Judge

DATE: 8/26/25
24-2042-01