UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIYA FROMPOVICZ, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:24-2042 |
| v. | : | (JUDGE MANNION) |
| COUNTY OF SCHUYLKILL, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom addressing a motion to dismiss the plaintiff's complaint filed on behalf of thirteen of the named defendants: Schuylkill County Children and Youth Services ("SCCYS"), Brittany Maurer, Melissa Sinn, Sandra Palokas, Lisa Stevens, County of Schuylkill, Glenn Roth, Gary Bender, Lois Lebo, Anthony Kern, David Rice, Paul Datte, and Mike O'Pake (collectively referred to by Judge Bloom as the "County defendants"). (Doc. 54). Judge Bloom recommends that the County defendants' motion to dismiss be granted. The plaintiff has filed objections to Judge Bloom's reports. (Doc. 61). Upon review of all relevant documents, the report and recommendation of Judge Bloom will be adopted in its entirety as the opinion of the court and the plaintiff's objections will be overruled.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The factual background of this matter has been provided by Judge Bloom in his report and recommendation, which the court incorporates in its entirety as if set forth herein. (Doc. 54, pp. 2-12).[1] At its core, the plaintiff has brought the instant action against numerous entities and individuals raising several claims related to state child custody proceedings in which she was involved in 2020. In those proceedings, the plaintiff lost legal and physical custody of her daughter, N.F. The plaintiff alleges a plethora of claims in her complaint, including that the various defendants conspired against her, defrauded her, defamed her, committed perjury against her, bullied her, stalked her, retaliated against her, denied her due process of law, discriminated against her based upon her gender, failed to report child abuse, and failed to investigate claims of corruption.

Addressing the defendants' pending motion to dismiss, Judge Bloom initially notes that, contrary to Fed.R.Civ.P. 8, with the exception of being named in the caption of the complaint, there are no allegations whatsoever against defendants Roth, Lebo and Rice which would show that the plaintiff is entitled to relief with respect to these defendants. Because the complaint contains no allegations against these defendants, Judge Bloom concludes

---

[1] The plaintiff takes no issue with the factual background set forth by Judge Bloom in her objections.

that the plaintiff's complaint should be dismissed for failure to state a claim as to these defendants.

As to the remaining defendants, Judge Bloom reads the plaintiff's complaint as alleging federal claims of "retaliation under the First Amendment, violations of due process under the Fourteenth Amendment, conspiracy, and fraud" and state law claims for "defamation, perjury, stalking and bullying."[2] Considering the plaintiff's claims, Judge Bloom concludes that the plaintiff's complaint fails to state a claim for any of the alleged federal violations. Given that the plaintiff fails to state any federal claim, Judge Bloom recommends that the court decline to exercise supplement jurisdiction over the plaintiff's state law claims.

With respect to the institutional defendants, SCCYS and the County, Judge Bloom notes that, for purposes of §1983, SCCYS is an improper defendant as it is an agency or department of the County and the entities are essentially one and the same. Therefore, Judge Bloom concludes that SCCYS should be dismissed. In any event, Judge Bloom finds that the plaintiff has failed to allege *Monell*[3] liability with respect to either institutional

---

[2] The plaintiff raises no objection with respect to Judge Bloom's characterization of her claims.
[3] *Monell v. Dept. of Soc. Serv. Of the City of New York*, 489 U.S. 658, 694 (1989).

- 4 -

defendant as she neither identified any policy or custom on the part of SCCYS or the County which resulted in the alleged constitutional violations, nor established a direct causal link between any such policy or custom and the alleged injury in question. As such, he recommends that the plaintiff's complaint be dismissed as to these defendants.

As to any attempt by the plaintiff to allege a gender discrimination claim in violation of the Fourteenth Amendment for comments made by the judge[4] during her custody proceedings, Judge Bloom concludes that this claim is speculative at best as the plaintiff merely alleges that the judge would "probably not" have ordered N.F.'s father to undergo a psychiatric evaluation, but she did not set forth sufficient allegations of disparate treatment in relation to other similarly situated individuals or establish that any alleged discriminatory treatment was based on sex. As the plaintiff's allegations fall short of what is required in order to state a claim for gender discrimination, Judge Bloom recommends that any such claim be dismissed for failure to state a claim upon which relief can be granted.

With respect to any claim for "failure to investigate," Judge Bloom notes that any such claim is viable only when paired with an allegation of an

---

[4] The court notes that the plaintiff has identified the judge as "Judge Hale." However, she has not named Judge Hale as a defendant.

independent constitutional violation that was not investigated, and there is nothing in the plaintiff's complaint indicating that she was asserting an underlying constitutional violation which County officials should have investigated. Therefore, Judge Bloom recommends that any attempt to assert a claim for failure to investigate fails and the plaintiff's complaint should be dismissed in this regard.

As to the remaining constitutional claims alleging violations of due process and retaliation, Judge Bloom finds that these claims are brought against CYS defendants whose actions were related to a dependency hearing. In that capacity, Judge Bloom finds that the defendants are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating and prosecuting dependency proceedings.

Moreover, with regard to any claims of conspiracy, fraud, perjury and defamation, Judge Bloom has concluded that these claims do not state a claim under federal law. As to the plaintiff's claim of fraud, Judge Bloom finds the claim to be "fatally vague," as when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* Fed.R.Civ.P. 9(b). Judge Bloom finds that the plaintiff has not met certain key elements needed to establish a claim of fraud under Third Circuit

law. *See Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d Cir. 1983). (Doc. 52, pp. 17-18).

With respect to the plaintiff's conspiracy claim, Judge Bloom correctly notes that there is no federal cause of action for a generalized conspiracy. While there is a federal claim for conspiracy to interfere with civil rights under 42 U.S.C. §1985, Judge Bloom notes that any such claim must be pled with greater specificity than is generally required. Here, Judge Bloom finds that the plaintiff's complaint is devoid of any allegations that the County defendants acted together in agreement to deprive her of her rights.

Finally, as to any claims of perjury or defamation, Judge Bloom noted that these claims arise under state not federal law. However, because he finds that the plaintiff has failed to properly assert any federal claims against the County defendants, Judge Bloom recommends that the court decline to exercise supplemental jurisdiction over any state law claims for perjury and defamation.

As indicated above, the plaintiff has filed objections to Judge Bloom's report and recommendation. However, in doing so, the plaintiff has done nothing to challenge the substantive findings in Judge Bloom's report. Instead, in her objections, the plaintiff spends several pages quoting a letter that she sent to defendant Maurer regarding the complaint made against her

with CYS and challenging the fact that she was never told who initiated the complaint. She further raises some question with regard to the evidence considered in the state court proceedings, and she discusses a federal conspiracy statute which is in no way applicable in this case. The plaintiff does nothing to challenge the legal conclusions reached by Judge Bloom or to demonstrate why her complaint should not be dismissed on the federal claims for failure to state a claim upon which relief can be granted, or why the court should exercise supplemental jurisdiction over her state law claims. Nothing in the plaintiff's objections sways the court that Judge Bloom erred in any regard, or that the defendants' motion to dismiss should not be granted.

      Based upon the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 19, 2025**
24-2042-02