UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALERIYA FROMPOVICZ,** : | |
| Plaintiff : | CIVIL ACTION NO. 3:24-2042 |
| v. : | (JUDGE MANNION) |
| **COUNTY OF SCHUYLKILL**, *et al.*, : | |
| Defendants : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom addressing a motion to dismiss the plaintiff's complaint filed on behalf of defendant Tracy Hill. (Doc. 53). Judge Bloom recommends that the defendant Hill's motion to dismiss be granted. The plaintiff has filed objections to Judge Bloom's reports. (Doc. 61). Upon review of all relevant documents, the report and recommendation of Judge Bloom will be adopted in its entirety as the opinion of the court and the plaintiff's objections will be overruled.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The factual background of this matter has been provided by Judge Bloom in his report and recommendation, which the court incorporates in its entirety as if set forth herein. (Doc. 53, pp. 2-12).[1] At its core, the plaintiff has

---

[1] The plaintiff takes no issue with the factual background set forth by Judge Bloom in her objections.

- 2 -

brought the instant action against numerous entities and individuals raising several claims related to state child custody proceedings in which she was involved in 2020. In those proceedings, the plaintiff lost legal and physical custody of her daughter, N.F. Defendant Hill was a private custody counselor employed by the plaintiff and the father of the minor child, who gave testimony during the custody proceedings. The plaintiff alleges that all defendants "intentionally, recklessly and maliciously performed an act of conspiracy, fraud, perjury and defamation" against her.

Addressing the defendant's pending motion to dismiss, Judge Bloom considered the substantive claims as against defendant Hill. In doing so, he concludes that the plaintiff's complaint fails to state a claim upon which relief can be granted. Moreover, Judge Bloom notes that defendant Hill would be shielded against all claims brought against her by the common law doctrine of witness immunity, which protects witnesses participating in the judicial process from civil liability for acts taken in that role. The court agrees.[2] Although the plaintiff argues in her objections that immunity is a "special thing" to which defendant Hill is not entitled because only "judges, prosecutors, legislators, and the highest executive officials of all

---

[2] The court also agrees with Judge Bloom's analysis of the plaintiff's substantive claims.

governments" are entitled to immunity, case law provides otherwise. *Muhammad v. Dempsey*, 531 F. App'x 216, 219 (3d Cir. 2013) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ("[W]ith respect to private witnesses, it is clear that §1983 did not abrogate the absolute immunity existing at common law...")). As such, the court will adopt Judge Bloom's report recommending dismissal of the plaintiff's action as to defendant Hill.

Based upon the foregoing, an appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

DATE: 9/23/25
24-2042-03